# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| David North, | Case No.: 2:19-cv-01427-JAD-NJK |
| Plaintiff | |
| v. | **Order Screening Amended Complaint, Granting Application to Proceed *In Forma Pauperis*, Denying Pending Motion as Moot, and Closing Case** |
| Brian Kohen, et al., | |
| Defendants | **[ECF Nos. 1, 8]** |

Earlier this year, I screened pro se plaintiff David North's amended complaint under 28 U.S.C. § 1915A.[1] North brought his case under 42 U.S.C. § 1983, and based on the allegations in his amended complaint, I construed his complaint to be asserted against state defendants. So I stayed the case for North to participate in the mediation process. I also ordered the Nevada Attorney General's office to notify the court of which defendants it would appear on behalf of. Since then however, the Attorney General notified the court that the Southern Nevada Detention Center ("NSDC"), where North is being detained, is a private facility that the State of Nevada does not use.[2] Indeed, NSDC is a private prison operated by CoreCivic, which has a contract with the U.S. Marshals Service to house federal inmates.[3]

---

[1] ECF No. 6.

[2] ECF No. 7.

[3] *See USMS Detention Population*, U.S. Marshals Service (April 31, 2019), http://www.usmarshals.gov/prisoner/index.html; *Nevada Southern Detention Center*; CoreCivic, https://www.corecivic.com/facilities/nevada-southern-detention-center (last visited Feb. 26, 2021).

Because North does not bring any claims against state actors, his lawsuit cannot proceed under 42 U.S.C. § 1983.[4] So, I vacate my previous screening order and re-screen North's amended complaint to determine whether he has any colorable claims against these defendants under the federal analog to § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,[5] which established that a "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts."[6] I find that North has not pled any colorable *Bivens* claims—if he wants to pursue these theories, he must file a new lawsuit in state court—and I dismiss this case without prejudice and close it.

## Background[7]

In November 2018, North was a detainee at NSDC.[8] He alleges that for two months he requested to be moved to a different unit because convicted inmates were being mixed with pretrial detainees in his unit, creating a culture of violence.[9] In December, things escalated when a group of inmates approached North outside of his cell. The group told North that he had to leave the unit because he had been accused of stealing from another inmate.[10] They then flashed

---

[4] *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (noting that 42 U.S.C. § 1983 "provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia").

[5] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[6] *Butz v. Economou*, 438 U.S. 478, 486 (1978).

[7] These facts are merely a summary of the plaintiff's allegations and are not intended as findings of fact.

[8] ECF No. 2 at 6.

[9] *Id.* at 5.

[10] *Id.* at 6.

weapons at North and began to attack him, resulting in North being stabbed several times.[11] North claims that the officer responsible for breaking up the fight, Officer Renteria, failed to promptly do so, taking his time walking to the inmates to avoid stopping it. He adds that once Renteria reached the fight, instead of breaking it up, he encouraged it before calling for help. North maintains that Renteria knew of the fight ahead of time, but chose to let it happen, telling North that he wouldn't "help a thief" and because he is affiliated with a gang responsible for the attack.[12]

According to North, Renteria wasn't the only one who knew of the risks that the other inmates posed. North also claims that classification supervisor Sweaney, Brian Kohen, Laruer, and Henzel all knew that the inmate who led the attack had a history of violence and stabbing another inmate, and yet they failed to separate him from North.[13] They also knew that Reeves had previously been convicted of stabbing another inmate, but they allowed him to access weapons that were known to be widespread throughout Nevada Southern Detention Center.

After the fight, North filed grievances directly notifying Kohen, Laruer, and Henzel about these issues, which they denied. He sues Kohen, Laruer, Henzel, Sweaney, Renteria, and CoreCivic, alleging Fifth and Fourteenth Amendment due-process claims.[14] And he seeks declaratory and monetary relief.[15]

---

[11] *Id.* at 4.
[12] *Id.* at 4, 6
[13] *Id.* at 7–8.
[14] *Id.* at 6, 9.
[15] *Id.* at 13.

**Discussion**

I. **Application to Proceed *In Forma Pauperis***

I grant North's application to proceed *in forma pauperis*.[16] Based on the information about North's financial status, I find that he is unable to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915. North will, however, be required to make monthly payments toward the full $350 filing fee when he has funds available, despite the fact that this case is being dismissed and closed.

II. **Screening North's complaint**

A. **Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[17] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[18] In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted."[19]

Under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.[20] "Actions under § 1983 and those under *Bivens* are

---

[16] ECF No. 1.
[17] *See* 28 U.S.C. § 1915A(a).
[18] *See* 28 U.S.C. § 1915A(b)(1), (2).
[19] 28 U.S.C. § 1915(e)(2); Fed. R. Civ. P. 12(b)(6).
[20] *Bivens*, 403 U.S. at 389.

4

identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."[21] To state a claim under *Bivens*, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a federal actor.[22]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[23] In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff.[24] A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."[25] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[26] "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[27] The plaintiff must provide more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient.[28]

---

[21] *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).
[22] *See id.*
[23] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).
[24] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[26] *Id.*
[27] *Id.*
[28] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

5

Although allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[29] all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).[30] If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required.[31]

**B.     Analysis of claims**

   *1.     North does not state a cognizable <u>Bivens</u> claim.*

While *Bivens* permits a plaintiff to recover damages against federal officers in federal court, those circumstances are limited.[32] In *Correctional Services Corp. v. Malesko*, for example, the Supreme Court declined to extend *Bivens* to permit recovery against a private corporation operating a halfway house under contract with the Federal Bureau of Prisons.[33] The *Malesko* Court explained that "[t]he purpose of *Bivens* is to deter individual federal officers from committing constitutional violations" so "the threat of suit against an individual's employer was not the kind of deterrence contemplated by *Bivens*."[34] So North may not bring a *Bivens* claim

---

[29] *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[30] *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[31] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[32] *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) ("Since *Carlson* we have consistently refused to extend *Bivens* liability to any new context or new category of defendants.").

[33] *Id.* at 63.

[34] *Id.* at 70.

against CoreCivic. The Supreme Court has also held that an inmate cannot bring a *Bivens* action against an employee of a private entity for damages for an Eighth Amendment violation.[35] In *Minneci v. Pollard*, the Supreme Court held that:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.[36]

I find that North cannot sue these various private prison defendants in a *Bivens* action. Although North alleges a due-process claim as a pretrial detainee, rather than the Eighth Amendment as a convicted inmate, North's claims are based on allegations that the defendants either deliberately or negligently allowed other inmates to attack him. These types of claims, such as negligence, assault, or battery, fall within the scope of traditional state tort law. So I dismiss these claims without prejudice but without leave to amend in this court. If North wishes to bring these claims against the employees at NSDC based on their negligent or deliberate conduct in allowing other inmates to attack him, he must file a new lawsuit in state court.

**Conclusion**

IT IS THEREFORE ORDERED that the previous screening order (ECF No. 6) is **VACATED**.

IT IS FURTHER ORDERED that plaintiff's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**. Plaintiff need not pay an initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still required to pay the full $350 filing fee

---

[35] *Minneci v. Pollard*, 565 U.S. 118, 131 (2012).
[36] *Id.*

under 28 U.S.C. § 1915, as amended. This full filing fee remains due and owing even though this case is being dismissed.

In order to ensure that plaintiff pays the full filing fee, IT IS FURTHER ORDERED that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **<u>David North, #54048048</u>** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court is directed to SEND a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Southern Detention Center,** 2190 East Mesquite Ave, Pahrump, NV 89060.

IT IS FURTHER ORDERED that **this action is DISMISSED without prejudice and without leave to amend**.

IT IS FURTHER ORDERED that Plaintiff's motion for status re: 90 day stay **[ECF No. 8] is DENIED as moot.**

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the **Clerk of the Court is directed to CLOSE THIS CASE and ENTER JUDGMENT ACCORDINGLY.**

                                                    _____
                                                    U.S. District Judge Jennifer A. Dorsey
                                                              June 2, 2021